UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80006-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT CATO, JR.,

    Defendant.
                            /

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.    I convened a hearing to permit the Defendant to change his plea in this criminal case on May 27, 2021. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Defendant also acknowledged his signature on a written Consent to Appear by Video Teleconference Form that has been filed in the record in this case. (DE 37). Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

2. Next, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. (DE 29). I reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant pleaded guilty to Count Two of the Indictment, which charges him with possession with intent to distribute fifty (50) grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii). In exchange for the Defendant's guilty plea, the United States Attorney's Office agreed to dismiss Counts 3 and 4 against the Defendant at sentencing.

5. I reviewed with the Defendant the mandatory minimum penalties and possible maximum penalties applicable to Count Two. The Defendant acknowledged that he understood the mandatory minimum and possible maximum penalties that could be imposed in his case.

6. The Plea Agreement contains provisions regarding sentencing agreed to between the parties. I explained to the Defendant that, although the parties may agree to make sentencing recommendations to the District Court, those recommendations are not binding on the Probation Office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision or Probation's decision not to accept any sentencing recommendations.

7. The parties submitted a written Factual Proffer which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. (DE 30). The Factual Proffer was read into the record and will be filed in this case. The Defendant acknowledged that he signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that the Factual Proffer accurately sets forth the facts in his case as he understands them to be. I find that the Factual Proffer sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

8. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Count Two freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Count Two as charged in the Indictment.

9. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the plea cannot be further delayed without serious harm to the interests of justice; that Defendant's plea of guilty to Count Two of the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 2nd day of June, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE